## *ALBERT BRACK v. JOHN GAA ET AL.

SUIT TO ENFORCE SUBCONTRACTOR'S LIEN IS NOT APPEALABLE.

Where a sub-contractor brought an equity suit to enforce a lien against the owner, who answered admitting a sum due the principal contractor, but stating same was claimed by a material man, who answered claiming the amount, but did not claim a lien on building, and upon trial the material man demanded jury, which court refused, and proceeded to hear the case, and the material man appealed from the judgment rendered, it was held, upon motion to dismiss appeal, that the case was not appealable.

On motion to dismiss appeal.

HAYNES, J.

In the case of Albert Brack, plaintiff, against John Gaa and others, defendants, a motion has been submitted to dismiss the appeal, for the reason that the case is not appealable to this court. The question, of course, is one of practice exclusively.

The case is this: Albert Brack was a sub-contractor under the name of Winterfield Brothers, who had a contract with Gaa for the erection of a double dwelling house upon a certain lot in the city. Brack entered into a contract with the Winterfields to do the plastering in these houses; he alleges that he completed the work somewhere about the middle of October, in 1890. He received a portion of his pay, leaving a balance due him of $121.00, which was not paid; and thereupon, he filed with Gaa an attested account, in the manner prescribed by the statute, and had a copy of it filed in the Recorder's office of Lucas county. He further says that at that time there was due about $500.00 from Gaa to the Winterfields. He says that after the next payment—without stating when it was, but simply says that after the payment became due—he filed an attested account in due form—being, as we understand it, the same form prescribed for the contractor—against the property, and had it filed in the recorder's office of Lucas county; and he claims that thereby he obtained a lien upon the building to the amount of $121.00. His claim not being paid, he commenced suit. He makes Gaa a party, and also sets up that the Gashe Lumber Co., a firm doing business in the city of Toledo, claim to have some interest in the premises, and makes them a party, and says that whatever claim they have is inferior to his. He prays for no personal judgment, but simply asks that his lien may be enforced against the land itself; does not ask that an account be taken, but simply says he has a lien, and asks that the property be sold to pay that lien.

Gaa answers, not denying that plaintiff has a lien, not denying the amount of his claim; he says, that he entered into a contract with the Winterfields to put up this building for a gross sum, and the money was to be paid in installments as the work progressed—a portion when the foundation was laid; a portion when the plaster was put on, and the balance when the job was completed. He says that the work was never completed, and I understand his claim to be that there is due him about $323.00, on account of lumber; that the Winterfields being unable to proceed without some aid, he became bound to Gashe & Co. for lumber, and gave his acceptance for $323.00, and perhaps for also another sum which he claims to have paid. He says that nothing has ever been paid upon these con-

*This decision is referred to with approval by the same court in Gladieux v. St. Louis Parish, 8 Circ. Dec., 490, 494.

tracts since these claims were filed with him, and that although there is nothing due between him and the Winterfields, he is willing that judgment should be taken against him for $323.00, in favor of the party whom the court may find is entitled to it. He also filed his answer recognizing the claim of Gashe & Co.

Gashe & Co. set up a claim that they furnished lumber to the Winterfields, which went into these buildings; that they had filed their attested account with the recorder; but do not claim that they filed a second account—affidavit—so as to obtain a lien on the buildings, and they claim simply a personal judgment against Gaa for $323.00.

The case came on for trial in the common pleas, and the Gashe Lumber Co. demanded a jury, but the court refused to give them a jury, and proceeded to hear the case, and upon final hearing found that the $121.00 due to Brack was a prior lien on the moneys then in the hands of Gaa, and ordered that the whole of that claim of Brack be paid first, and the balance paid over to Gashe. Thereupon the Gashe company took an appeal, and also filed a petition in error. Brack did not appeal, and Gaa did not appeal.

Brack comes in now and moves to dismiss the appeal of Gashe & Co., and the question simply turns, as a matter of course, upon whether or not, under the statutes, the claim of Gashe & Co. that they were entitled to a jury trial is correct.

It is very clear, upon the petition, that Brack is not entitled to a jury trial—he simply asks for the enforcement of his claim against the premises. Gashe & Co. did not take any steps to obtain a lien upon the property, and have now no lien upon it, and they are simply entitled to and do sue Gaa for moneys due to Winterfield as for money received for the benefit of Gashe & Co. So that, while the plaintiff has a case in which he is not entitled to a trial by jury, he has a right to appeal. The defendant has a case in which he would have a right to trial by jury if it stood alone, and not an appeal; and the question is—which one should control in this case?

It will be remembered that the decisions that have been made from time to time by the supreme court, when an action is brought upon a claim upon which a party is entitled to a jury trial, and the other party files an answer and cross-petition, the object and purpose of which is—if the prayer of the cross-petition is allowed—to defeat the claim of the plaintiff and destroy it entirely, in such a case the party has a right to appeal upon his cross-petition; but, at the same time, the decisions hold, as we understand, that the other party would not have a right to appeal the original petition on a case made by that party; the cross-petition must first be determined.

Gashe & Co. in setting up their claim, say they have no knowledge of and deny that Brack has any lien whatever, or that there is anything owing to him on his claim. Now, by reflecting upon the matter, it seems to us that the case assumes about this aspect: That while Brack has his lien upon the premises, to secure so much as may be owing to him upon the amount that is coming from Gaa to the Winterfields—his proportion of it—that while he would be entitled to a judgment for that amount, whatever it may be, the only effect that the cross-petition of Gashe & Co. has is to make a claim upon the fund for themselves. It may or may not reduce the claim of the plaintiff, Brack; that would depend upon circumstances. If there was, as stated here, an original sum of five hundred dollars due, there would be enough to pay both of them. If there is, as it is claimed by Gaa, only $323.00 due, then ascertain first, from Gaa & Co., the amount that is due; have that ascertained by the court if it is disputed. The next step to be taken in the case is to apportion that to those parties who have obtained a right to it. That right, the supreme court say, in 27 O S. 142, 146, is not a lien. An action brought against it by the party who seeks to recover from the original defendant his portion, is not the enforcement of a lien upon it. The statute provides that money in the hands of Gaa is held there as money had and received by him for the benefit of those who have filed their accounts with him as sub-contractors and material men, and the conclusion that we arrive at upon this is, that the case still remains, so far as Gashe & Co. is concerned, as an action at law. If there was any right on the part of Brack to appeal his case, still whatever judgment is finally obtained in the appellate court against Gaa upon the appeal, would be subject to the rights of the other parties in the common

pleas, the right to have the court of common pleas adjust the claim of the parties to the same.

In the case of Sallady v. Webb, 1 O. C. D., 638, decided in the fourth circuit, the opinion being given by Judge Bradbury, now of the supreme court, the plaintiff set out an equitable cause of action; that is to say, he set out to foreclose a mortgage against a mortgagor. He, himself, had received a mortgage from the mortgagee. The defendant, the mortgagor, defending against that mortgage, set up that there was fraud in the execution of the mortgage, which was given for a balance due of the purchase money, he having bought the property originally from the mortgagee, and the mortgagee having represented to him, at the time he sold the property, the location of the boundaries of the land having no reasonable ground to believe the statements to be true, and he says he was greatly damaged. In that case a trial was had, and one of the parties sought to appeal the case—the plaintiff, perhaps. The mortgage had been taken under such circumstances—or perhaps in all such cases—that sec. 5077 Rev. Stat. would apply to the case. The provision is this:

"When cross demands have existed between persons, under such circumstances that, if one had brought an action against the other, a counter claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death, but the two demands must be deemed compensated so far as they equal each other."

The court say, in reference to this matter of appeal:

"The plaintiff, on the other hand, claims that his appeal brought up the whole case, opened up for re-trial the issues joined and tried below on these cross demands, and tenders evidence in support of his side of those issues.

"This contention, we hold, depends upon the nature of those cross-demands. It must be borne in mind that Webb had no claim against the plaintiff; his cross-demands were causes of action existing against his co-defendant, Wheeler, at the time the latter assigned the mortgage to the plaintiff; that they were demands upon which Webb could have brought independent actions against Wheeler, and had he done so, it is clear the actions would have been triable by jury; they were simply claims for the payment of money only, one sounding in tort, the other upon contract. They were independent causes of action against Wheeler.

"The case of Buckner v. Mear, 26 O. S. 514, establishes the rule that where the plaintiff's cause of action is triable by jury, and the defendant sets us new matter constituting an equitable cause of action, which, if established, will extinguish or supersede the case made in the petition, the issues taken on such new matter are triable by the court, and are subject to appeal; but that the appeal would not open up for re-trial, the legal issues that were determined in the court below.

"The case before us is the converse of that above. That was an action at law set up in the petition, with an independent equitable one set up in the answer; this was an equitable cause of action set forth in the petition, with legal cross-demands set up in the answer. The analogies may not be perfect, but the inference is strong that if an appeal of an independent equitable cause of action, set forth in an answer, will not open up for re-trial the legal cause of action disclosed in the petition, it will not open up for re-trial an independent legal one disclosed in the answer.

"We therefore hold, that the appeal of the plaintiff in this case did not open for re-trial in this court the issues joined in the court below on the cross-demands set up by Webb, and we decline to hear evidence relating thereto. And it appearing by the record, that the sum found by the court below due Webb on his cross-demands, is greater than the claim of plaintiff, we hold that the plaintiff's claim is extinguished thereby.

"Judgment that defendant go hence without day, and recover of plaintiff his costs."

In the case at bar, as I have already stated, Gashe & Co. claim no lien upon the premises. They have no controversy with the plaintiff, Brack, about his lien upon the premises. If there is anything due to him, the plaintiff, Brack, so far as the money part of his claim is concerned, claims it by virtue of the same right that Gashe does—that is to say, he obtained it by the fact that he is a sub-contractor and has filed an attested account and has a right to his money, and he gets his lien by filing a second account, which the defendant company failed to do, so that Gashe & Co. stand here and claim a portion of the same fund, and

as for an action for money had and received for their benefit. Gashe & Co. only asked for a personal judgment. They claim that their action is simply an action at law, and for a jury trial. And while, incidentally, an allowance of their claim and the payment of the amount of it would diminish what is due to Brack, that would occur in all cases where the parties were seeking to have the fund divided between them. In that class of cases, the supreme court has already decided that the actions are for money only, to be tried by a jury, and not for the enforcement of any lien, and therefore not appealable.

We therefore hold in this case that the action of Gashe & Co. determines that they had a right of trial by jury, and not a right of appeal; and they being the only party appealing, it follows that this appeal should be dismissed.

J. E. Pilliod, for plaintiff.

C. W. Everett, for defendant Gaa.

H. E. King, for defendants, Gashe & Co.